## Colonial Sugar Company, Defendant in Error, v. Railway Terminal & Warehouse Company, Plaintiff in Error.

## Gen. No. 19,862.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. ROBERT H. SCOTT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed December 31, 1914.

---

*See *Illinois Notes Digest,* Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

## Statement of the Case.

Action brought in the Municipal Court of Chicago by the Colonial Sugar Company against the Railway Terminal & Warehouse Company a corporation, for damages to the contents of three cars of sugar stored by plaintiff in the warehouse owned and operated by defendant. At the time the suit was brought, James D. Pugh and Andrew McAnsh were also joined as defendants, but before the trial they were dismissed out of the case, and the cause proceeded against the Railway Terminal & Warehouse Company alone. Trial was had before the court without a jury. To reverse a judgment entered on a verdict for plaintiff for $485.67, the Railway Terminal & Warehouse Company prosecutes error.

Defendant conducted a storage warehouse in the city of Chicago. Plaintiff shipped three cars loaded with bags of sugar, for storage, to the defendant, at its warehouse in Chicago. These cars were directed to F. C. Van Ness, care of the Railway Terminal & Warehouse Company, the defendant; and when delivered to the Warehouse Company, a warehouse receipt was issued to the said F. C. Van Ness. The contents of these cars were unloaded at the warehouse. The bags were stored in tiers seven or eight bags high, on the main floor of the warehouse, which is slightly above the street level, within twenty or twenty-five feet of doors that remained open practically the entire day. These doors led out directly onto a switch track, and beyond the switch track is a public roadway. There was evidence to prove that dust and dirt had collected on the bags and that the sugar was lumpy and of a dirty or grayish color.

Q. J. CHOTT and FRANK H. CULVER, for plaintiff in error.

42    APPELLATE COURTS OF ILLINOIS.

Colonial Sugar Co. v. Railway T. & W. Co., 191 Ill. App. 40.

HOYNE, O'CONNOR & IRWIN, for defendant in error; CARL J. APPELL, of counsel.

MR. JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. WAREHOUSEMEN, § 13*—*when liable for damage to goods stored.* In an action against a warehouse company for damage to sugar while stored in defendant's warehouse, a verdict for plaintiff *held* sustained by the evidence, where it appeared that defendant permitted the sugar to be stored so as to be exposed to the weather and the dust from the street.

2. WAREHOUSEMEN, § 19*—*right to limit liability by provision in warehouse receipt.* The Act relating to Railroads and Warehouses, (Hurd's R. S. 1911, ch. 114, §§ 243b, 261, J. & A. ¶¶ 90002, 9020), *held* not to permit a warehouse company by a provision in a warehouse receipt to limit its liability for failure to exercise ordinary care for the property intrusted to it for safe-keeping.

3. WAREHOUSEMEN, § 19*—*limitation of liability in warehouse receipt construed.* A provision in a warehouse receipt that: "All damage to goods or property occasioned by fire, water, leakage, shrinkage, breakage, ratage, vermin, heat, frost, change of weather or from inherent qualities of the property, by riot or any accident or providential cause at owner's risk," *held* not to exempt the warehouse company from liability for negligence in permitting goods to be stored in the warehouse near an open door so as to be exposed to the weather and the dust of a street.

4. WAREHOUSEMEN, § 29*—*when plaintiff's right to sue cannot be urged on review.* Where a judgment was recovered against a warehouse company for damage to goods while in storage, *held* that defendant could not urge on review that the suit should have been brought by the person in whose name the warehouse receipts were issued, where the plaintiff sued as owner, and defendant's affidavit of merits did not deny plaintiff's ownership, and there was evidence that defendant recognized plaintiff as such owner.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.